# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

RIMA ABRAHAM,

    Plaintiff,

v.                                           Case No.: 6:21-cv-01565

CADILLAC ACCOUNTS RECEIVABLE
MANAGEMENT, INC., d/b/a CARM,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Cadillac Accounts Receivable Management, Inc., ("Defendant" or "Cadillac") pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Plaintiff's Complaint (hereinafter "Complaint"), stating as follows:

## JURISDICTION AND VENUE

1. Defendant lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 1 of the Complaint and therefore demands strict proof thereof.

2. Defendant lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 2 of the Complaint and therefore demands strict proof thereof.

3. Defendant lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 3 of the Complaint and therefore demands strict proof thereof.

4. Defendant lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 4 of the Complaint and therefore demands strict proof thereof.

## PARTIES

5. Defendant lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 5 of the Complaint and therefore demands strict proof thereof.

6. In response to paragraph 6 of the Complaint, Defendant admits.

## DEMAND FOR JURY TRIAL

7. In response to paragraph 7 of the Complaint, Defendant admits that Plaintiff requests a jury trial, but denies that Plaintiff is entitled to the same as Defendant did not violate any law.

## FACTUAL ALLEGATIONS

8. In response to paragraph 8 of the Complaint, Defendant admits in part, and denies in part. Defendant admits that it began attempting to collect an account from Plaintiff. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to whether the account is a "debt" as that term is

defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and thus Defendant demands strict proof of these allegations.

9. In response to paragraph 9 of the Complaint, Defendant admits in part, and denies in part. Defendant admits that the original creditor was University Center Imaging of the account. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this paragraph, and therefore demands strict proof thereof.

10. Defendant lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 10 of the Complaint and therefore demands strict proof thereof.

11. In response to paragraph 11 of the Complaint, Defendant admits that, as to certain accounts, it is a business entity engaged in the solicitation of consumer debt.

12. In response to paragraph 12 of the Complaint, Defendant admits that, as to certain accounts, it is a business entity engaged in the collection of consumer debt.

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint.

14. Defendant admits the allegations set forth in paragraph 14 of the Complaint.

15. Defendant admits the allegations set forth in paragraph 15 of the Complaint.

16. Defendant admits the allegations set forth in paragraph 16 of the Complaint.

17. In response to paragraph 17 of the Complaint, Defendant admits in part, and denies in part. Defendant admits that at times it is a "debt collector" as that term is defined by the FDCPA. Defendant denies it always meets this statutory definition. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to whether it is a "debt collector" with regard to Plaintiff's account, and thus Defendant demands strict proof thereof.

18. In response to paragraph 19 of the Complaint, Defendant states that while at times it may be deemed a person as that term is defined by the FCCPA, it has insufficient information and knowledge to either admit or deny that it was a person in regard to Plaintiff and this matter.

19. In response to paragraph 19 of the Complaint, Defendant admits to the extent that Defendant utilizes a third-party vendor to assist in the preparation and mailing of written collection communications. The information provided is not "disclosed" to the third party as all information is conveyed and transferred through secured intermediaries to prohibit unauthorized disclosure of information in the production of the correspondence.

20. In response to paragraph 20 of the Complaint, Defendant admits to the extent that Defendant utilizes a third-party vendor to assist in the preparation and mailing of written collection communications. The information provided is not "disclosed" to the third party as all information is conveyed and transferred through secured intermediaries to prohibit unauthorized disclosure of information in the production of the correspondence.

21. In response to paragraph 21 of the Complaint, Defendant denies the allegations.

22. In response to paragraph 22 of the Complaint, Defendant denies the allegations.

23. In response to paragraph 23 of the Complaint, Defendant denies the allegations.

24. In response to paragraph 24 of the Complaint, Defendant denies the allegations.

25. In response to paragraph 25 of the Complaint, Defendant admits in part, and denies in part. Defendant admits it sent correspondence dated July 23, 2021, to Plaintiff. Defendant denies all remaining allegations in this paragraph.

26. In response to paragraph 26 of the Complaint, Defendant admits Exhibit A is a copy of the Collection Letter.

27. In response to paragraph 27 of the Complaint, Defendant denies the allegations.

28. In response to paragraph 28 of the Complaint, Defendant states that the content of Exhibit A speaks for itself. Defendant lacks sufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 28 of the Complaint and therefore demands strict proof thereof.

29. In response to paragraph 29 of the Complaint, Defendant admits to the extent that Defendant, at all times relevant to the matters asserted in this lawsuit, complied with the provisions of the FDCPA, namely, 15 U.S.C. § 1692c(b) and § 559.72(5), *Fla. Stat.*, of the Florida Consumer Collection Practices Act ("FCCPA").

30. In response to paragraph 30 of the Complaint, Defendant denies the allegations.

31. In response to paragraph 31 of the Complaint, Defendant denies the allegations.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692c(b)

32. Defendant incorporates by reference all its answers to the above paragraphs of the Complaint as though fully stated herein.

33. In response to paragraph 33 of the Complaint, Defendant admits only the accuracy of any properly quoted statutory language appearing in this paragraph. Defendant denies all remaining allegations.

34. In response to paragraph 34 of the Complaint, Defendant denies the allegations.

35. In response to paragraph 35 of the Complaint, Defendant denies the allegations and denies Plaintiff's entitlement to damages in any amount or any other relief requested.

## COUNT 2
## VIOLATION OF FLA. STAT. § 559.72(5)

36. Defendant incorporates by reference all its answers to the above paragraphs of the Complaint as though fully stated herein.

37. In response to paragraph 37 of the Complaint, Defendant admits only the accuracy of any properly quoted statutory language appearing in this paragraph. Defendant denies all remaining allegations.

38. In response to paragraph 38 of the Complaint, Defendant denies the allegations.

39. In response to paragraph 39 of the Complaint, Defendant denies the allegations and denies Plaintiff's entitlement to damages in any amount or any other relief requested.

## DEFENDANT'S AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

That Plaintiff was not a "consumer" as defined by the FDCPA. Defendant reserves the right to conduct discovery on their affirmative defenses.

## THIRD AFFIRMATIVE DEFENSE

Defendant did not attempt to collect a "debt" as defined by the FDCPA. Defendant reserves the right to conduct discovery on their affirmative defense.

## FOURTH AFFIRMATIVE DEFENSE

That Plaintiff lacks standing and/or is not the real person in interest to assert claims in this case.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's alleged communications with Defendant are not communications as defined under the FDCPA, 15 USC §1692a(2).

## SIXTH AFFIRMATIVE DEFENSE

That the claims in this action may be subject to a binding and enforceable agreement to arbitrate.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded, in whole or in part, based on the doctrines of estoppel, waiver, consent, laches and/or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

## NINTH AFFIRMATIVE DEFENSE

Defendant states that Plaintiff's claim would impair Defendant's constitutionally protected First Amendment right to commercial speech.

## TENTH AFFIRMATIVE DEFENSE

Defendant affirmatively states the defense of consent by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that Plaintiff's reliance upon the Eleventh Circuit's recent opinion in *Hunstein,* should not be applied to the Defendant retroactively. The Defendant can demonstrate the three factors to preclude retroactive application as follows: (1) the *Hunstein* issue was a matter of first impression within this Circuit and contrary to the industry's utilization of third-party vendors without incident or issue for more than 25 years. Thus, the ruling was not clearly foreshadowed as a potential violation of the FDCPA based on the district court's opinion; (2) the retroactive impact of the *Hunstein* opinion has generated more than 100 "copy-cat" lawsuits against debt collectors since the date of the opinion on April 21, 2021; and (3) the application of the *Hunstein* opinion

retroactively creates injustice and undue hardship upon the Defendant. *See: State Farm Fire & Casualty Co. v. Sweat*, 547 F. Supp. 233 (N.D. Ga. 1982).

## TWELFTH AFFIRMATIVE DEFENSE

The secure electronic transmission of data to Defendant's agent, a letter vendor, does not violate the FDCPA as it is not a communication in connection with the collection of a debt. Therefore, Defendant did not violate Section 1692c(b) of the FDCPA. See FTC Staff Commentary, Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 FR 50097, 50104, 1988 WL 269068 (F.R.) (Dec. 13 1988) ("A debt collector may contact an employee of a telephone or telegraph company in order to contact the consumer, without violating the prohibition on communication to third parties, if the only information given is that necessary to enable the collector to transmit the message to, or make the contact with, the consumer"); *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000) ("The Fair Debt Collection Practices Act is not aimed at … companies that perform ministerial duties for debt collectors, such as stuffing and printing the debt collector's letters"); see also CFPB Regulation F, 85 Fed. Reg. 76734-01, 2020 WL 7014904 (F.R.) (Nov. 30, 2020) ("the Bureau understands that debt collectors can reduce the number of calls needed to establish an [right party contact] by purchasing higher-quality contact information from data vendors"); 86 Fed. Reg. 5766-01 n.446, 2021 WL 155534 (Jan. 19, 2021).

## THIRTEENTH AFFIRMATIVE DEFENSE

The secure transmission of data from computer server to computer server does not violate the FDCPA, as there is no human review or intervention or disseminated to the public. Therefore, there is no qualitative basis for "invasion of privacy" claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

The plain text of the FDCPA contemplates the use of third-party vendors. Congress specifically approved of the use of vendors and the electronic transfer of information to vendors as conduct that did not violate the FDCPA. While a debt collector is prohibited from communication with third parties in connection with the collection of any debt, a debt collector is not prohibited from communicating with a third party "with respect to" or "regarding" a debt. Congress approved the transfer of data to vendors in the body of the FDCPA. See 15 U.S.C. §§ 1692b(5), 1692f(5) & 1692f(8), permitting the use of telegrams. To argue a distinction between the transfer of data to a telegram company versus the same transfer of data to a letter vendor is disingenuous. Therefore, the argument that a debt collector runs afoul of the FDCPA in connection with a communication "with respect to" or "regarding" a debt (i.e., the transfer of data to a letter vendor), as opposed to a communication in connection with the collection of a debt to a third party (i.e., family members, employers, friends or neighbors) lacks any basis on law or fact.

## FIFTEENTH AFFIRMATIVE DEFENSE

The secure electronic computer server to computer server transmission of electronic information does not interfere with or impinge on consumer protections and therefore is protected under the First Amendment.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that its conduct was authorized by Regulation F, 85 Fed. Reg. 76734, 86 Fed. Reg. 5766. Congress granted to the Consumer Financial Protection Bureau the power to promulgate rules implementing the FDCPA. See 15 U.S.C. § 1692l(b)(6). Therefore, the Regulation is entitled to deference pursuant to *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). See also 12 U.S.C. § 5512(b)(4)(B).

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that 15 U.S.C. § 1692c(b) does not permit debt collectors to use print-and-mail vendors, that prior restraint on speech serves no legitimate or compelling governmental interest; therefore, the prohibition violates the First Amendment, U.S. Const. Amend. I.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If the FDCPA permits a debt collector to use Western Union to transmit correspondence to a consumer but not to use a print-and-mail vendor to perform the same service, then 15 U.S.C. § 1692c(b) is void for vagueness in violation of the Fifth Amendment, U.S. Const. amend. V.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant asserts that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Gruden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011); see also *Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 385 (7th Cir. 2010). The animating purpose of communicating with a print-and-mail vendor is not to induce payment nor is it to embarrass or harass the consumer; rather, it is to secure the ministerial services of printing, folding, stuffing, sealing, metering and mailing.

**WHEREFORE**, Defendant, Cadillac Accounts Receivable Management, Inc., requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Dated: October 6, 2021.

                                            **BURR & FORMAN LLP**

                                        By: /s/ M. Scott Thomas
                                              **M. SCOTT THOMAS**
                                              Florida Bar No. 0994898
                                              **RACHEL C. COCCIOLO**
                                              Florida Bar No. 118139
                                              50 N. Laura Street, Suite 3000
                                              Jacksonville, Florida 32202
                                              Tel.: (904) 232-7200
                                              Fax: (904) 232-7201
                                              msthomas@burr.com
                                              msalinas@burr.com
                                              rcocciolo@burr.com
                                              tthompson@burr.com

**GREGORY R. NEIDLE**
(P59273)
Dobbs & Neidle, P.C.
30150 Telegraph Road, Suite 172
Bingham Farms, Michigan 48025
Tel: (248) 723-9511
gneidle@dobbsneidle.com
*Pro Hac Vice pending*

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 6, 2021, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following parties:

Jibrael S. Hindi, Esq.
jibrael@jibraellaw.com
Thomas J. Patti, Esq.
tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street Suite 1744
Fort Lauderdale, FL 33301

*Counsel for Plaintiff*

/s/ M. Scott Thomas
Attorney